## WALDRON, WIGHTMAN & CO. *v.* JOSEPH H. LEACH.

Where a writ of replevin commanded the sheriff to replevy all the "goods, stock, and fixtures in store at Johnston, at a place called Dry Brook, occupied by said L., (the defendant,) of the value of $800, and books of account and evidences of indebtedness showing the indebtedness of persons to said Leach, of the value of $50," *it was held*, on demurrer, that the property directed to be replevied was described with sufficient particularity.

WRIT of replevin, commanding the sheriff or his deputies to replevy, among other things enumerated, the " goods, stock and fixtures in store at Johnston, at a place called Dry Brook, occupied by said Joseph H. Leach, of the value of $800, and books of account and evidence of indebtedness showing indebtedness of persons to said Leach of the value of $50."

To this part of the writ, the defendant demurred, as "insufficient, uncertain and informal, in that it does not enumerate and particularize the property to be replevied, and that said declaration is otherwise uncertain, informal, and insufficient."

*S. A. Cooke, Jr., for defendant:*—

I. The declaration in replevin should contain a description and enumeration of all the articles taken or intended to be replevied. *Pope* v. *Tillman*, 7 Taunt. 642 ; *Snedeker* v. *Quick*, 6 Halst. 179 ; *Taylor* v. *Wells*, 2 Saund. 74, *n.*

II. All the cases agree that although the defendant may waive his right to object to the declaration by his manner of pleading, yet such a declaration will be bad on demurrer.

*B. N. & S. S. Lapham, for the plaintiff, contra,* contended that the declaration was sufficient, citing Rev. Stat. chap. 208, § 2.

BRAYTON, C. J.   This writ of replevin commanded the sheriff to replevy all the goods, stock and fixtures in the store at Johnston, at a place called Dry Brook, occupied by the defendant, of the value of $800 ; and the book of account and evidence of indebtedness showing indebtedness of persons to. the said Leach, of the value of $50.   To this the defendant has

demurred, and for cause says that this does not particularize and enumerate the property to be replevied.

The defendant says that the writ and declaration should contain a description and enumeration of all the articles intended to be replevied. To this point has been cited the case of *Taylor* v. *Wells*, 2 Saund. 74, which was an action of trover in which the plaintiff declared for ten pairs of curtains and valence, and it was urged that this was uncertain ; but it was held to be sufficiently certain in that action, and that it is not necessary to do more than to name the goods by the usual name, without showing the quality or material. The court do not say how much less certainty might be sufficient, but no more is required.

Another case cited is *Pope* v. *Tillman*, 7 Taunt. 642. This was an action of replevin, as is the case at bar. The allegation was, that " the defendant in a certain dwelling-house took divers goods and chattels of the plaintiff." This was held to be uncertain and insufficient ; nobody could tell from this what goods of the plaintiff, or where to look for any goods.of his.

Another, and but one other case is cited, *Snedeker* v. *Quick*, 6 Halst. 179, which was also a suit in replevin. The command of the writ was. to take the goods and chattels, which Moses Quick took and unjustly detains, of the plaintiff ; when, where, of what character is not stated, and no one could, from any information given by the plaintiff's allegation, tell what goods he lost, or where to look for any. This was held insufficient. We cannot determine from these cases, if the court which determined them-would hold the language in this case too uncertain and indefinite.

From the notes in Saunders to the case of *Taylor* v. *Wells*, it appears that although in an action of replevin it was held necessary formerly to set forth particularly the number, kind, and qualities of cattle distrained, it is not now required ; and it is now only necessary that the declaration should be certain to a general intent. If the goods are described according to common acceptation, it is sufficient. The description in this case is, all the goods, stock and fixtures in the store occupied by the plaintiff, and which store is particularly described. The building is made

perfectly certain ; the property to be replevied is all the goods which it contains. This we think, must fall within the rule of certainty to a general intent.

*Demurrer overruled.*